QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Frederick A. Lorig (Bar No. 057645)
  fredericklorig@quinnemanuel.com
  Diane C. Hutnyan (Bar No. 190081)
  dianehutnyan@quinnemanuel.com
  Sidford Lewis Brown (Bar No. 107196)
  sidfordbrown@quinnemanuel.com
  G. Lisa Wick (Bar No. 233715)
  lisawick@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Litton Systems, Inc.

WAGNER, ANDERSON & BRIGHT LLP
  Patrick F. Bright (Bar No. 68709)
  pbright@BrightPatentLaw.com
3541 Ocean View Boulevard
Glendale, CA 91208
Telephone: (818) 249-9300
Facsimile: (818) 249-9335

Attorneys for The Board of Trustees of the
Leland Stanford Junior University

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, a California Non-Profit Organization; and LITTON SYSTEMS, INC., a Delaware Corporation,<br>Plaintiffs,<br>vs.<br>TYCO INTERNATIONAL LTD., a Bermuda Corporation; et. al.,<br>Defendants. | CASE NO. Cv-00-10584-TJH-(RCx)<br>DISCOVERY PLAN<br>Trial Date: Not Set |

All Plaintiffs and Defendants in the above-captioned actions (collectively, the "Parties"), by their respective counsel, hereby submit this proposed Joint Discovery Plan.

The Parties met and conferred in person for a full day on October 23, 2007, in an attempt to resolve any disputes and come to agreement on the issues identified by the Court in the Court's October 10 Order and this Court's Local Rules. In a further attempt to resolve issues and address any unresolved issues or any new issues resulting from initial disclosures, the Parties continued their discussions in written correspondence and over the phone. The Parties made a good faith effort to reach agreement and the following represents their positions.

## PROPOSED DISCOVERY PLAN

Pending entry of a case schedule, the Parties suggest the following proposed discovery-related dates:

A.    Initial Disclosures under Rule 26(a)(1):

The Parties have already served their initial disclosures on each other.

B.    Proposed Discovery Schedule:

There is currently no schedule set by the Court in this case. As a result, the Parties propose the following dates in connection with discovery, bearing in mind that some of these dates may change when a schedule is finally set in this matter:

| PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|
| November 2007 | November 2007 |
| 1. Written discovery | 1. Written discovery |
| December 2007 | December 2007 |
| 1. Written discovery | 1. Written discovery |
| 2. Parties will notice percipient witness depositions no earlier than | 2. Parties will notice percipient witness depositions no earlier than |

DISCOVERY PLAN

| December 10, 2007 | December 10, 2007 |
|---|---|
| 3. Depositions of percipient witnesses | 3. Depositions of percipient witnesses |
| January 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses | January 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses |
| February 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses<br>4. Opening expert reports[1] | February 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses |
| March 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses<br>4. Opening and/or rebuttal expert | March 2008<br>1. Written discovery<br>2. Parties will notice percipient witness depositions<br>3. Depositions of percipient witnesses |

---

[1] The parties currently estimate events pertaining to expert discovery to occur on different schedules, as reflected above, but will revisit the issue once the Court issues a case schedule.

| | |
|---|---|
| reports<br>5.      Expert Depositions | |
| April 2008<br>1.      Written discovery<br>2.      Parties will notice percipient witness depositions<br>3.      Depositions of percipient witnesses<br>4.      (If not earlier) rebuttal expert reports<br>5.      Expert depositions<br>6.      Close of expert and fact discovery | April 2008<br>1.      Written discovery<br>2.      Parties will notice percipient witness depositions<br>3.      Depositions of percipient witnesses |
| May 2008<br>Discovery this month is contingent on the schedule adopted by the Court. | May 2008<br>1.      Written discovery<br>2.      Parties will notice percipient witness depositions<br>3.      Depositions of percipient witnesses<br>4.      Close of fact discovery<br>5.      Opening expert reports |
| June 2008<br>Discovery this month is contingent on the schedule adopted by the Court. | June 2008<br>1.      Rebuttal expert reports<br>2.      Expert depositions<br>3.      Close of expert discovery |

## PROPOSED MODIFICATIONS TO FRCP

The Parties propose the following changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Central District of California as follows:

A. Depositions:

The Parties are in agreement that the limit of 70 hours per side for depositions is insufficient to meet the Parties' needs. Both sides agree that additional time is needed for depositions, but disagree on how much.

    1. Fact Witnesses (including third parties)
        (a) Plaintiffs' Position

Plaintiffs propose that Plaintiffs collectively have 200 deposition hours and Defendants collectively have 120 hours (including depositions of "true" third parties and motion declarants, but not expert depositions). Plaintiffs believe these limits are appropriate for a patent infringement case involving one patent and seven defendants.

        (b) Defendants' Position

Defendants' position is that each side collectively have 200 deposition hours for fact witnesses, in view of the 26 witnesses identified in Plaintiffs' initial disclosures, the two Plaintiffs, and a number of third parties involved in developing the alleged invention of the patent-in-suit, prior art to the patent-in-suit, the reexaminations of the patent-in-suit, and licensing of the patent-in-suit (but not including expert depositions).

2. Expert Witnesses

The Parties propose that each side should have 7 hours per expert, per issue,[2] per party with a maximum number of hours (the Parties disagree on the total number of hours) of deposition time per expert, per issue, per side.

(a) Plaintiffs' Position

Plaintiffs propose the maximum number of deposition hours be 14 per expert, per issue, per side for non-damages experts. For damages experts, Plaintiffs propose that each party have, in addition to what they suggest for non-damages experts, an additional four hours of questioning (per expert, per issue, per party) to cover individual issues.

(b) Defendants' Position

Defendants propose that each defendant have 7 deposition hours per expert, per issue for each expert that files an expert report with respect to that defendant. However, in the event that Plaintiffs utilize the same expert with respect to more than one defendant, and this would otherwise result in the defendants collectively having more than 28 deposition hours with respect to that expert (in view of the fact that there are 7 defendants), Defendants propose that the maximum number of deposition hours be 28 per expert, per issue, per side for all damages and non-damages experts.

B. Limitations on Interrogatories:

---

[2] "Issue" is defined as a significant legal issue, such as infringement/non-infringement, validity/invalidity, damages, etc.

The Parties agreed that common interrogatories in addition to some individual interrogatories would help to streamline discovery. The Parties disagree on how many common interrogatories and how many individual interrogatories are needed.

### 1. Plaintiffs' Position

Plaintiffs propose that Plaintiffs and Defendants each collectively propound no more than 20 common interrogatories on each other and that the responding parties would each provide a separate response to each party on the propounding side that is particular to that propounding party, wherever applicable. Plaintiffs also suggest that one individual interrogatory per party be allowed.

### 2. Defendants' Position

Defendants propose that each party be permitted to propound 15 individual interrogatories. Defendants also suggest that Plaintiffs and Defendants may propound 10 common interrogatories on each other and that the responding parties would each provide a separate response to each party on the propounding side that is particular to that propounding party, wherever applicable.

## C. Limits on Requests for Admission:

### 1. Plaintiffs' Position

Plaintiffs propose that Plaintiffs and Defendants each collectively propound no more than 30 common Requests for Admission (not including those addressing authentication of documents) on each other and that the responding parties would each provide a separate response to each party on the propounding side that is particular to that propounding party, wherever applicable.

2.  Defendants' Position

Defendants propose that each party be permitted to propound 30 individual Requests for Admission. The Defendants also suggest that Plaintiffs and Defendants each may collectively propound 20 common Requests for Admission (not including those addressing authentication of documents) on each other and that the responding parties would each provide a separate response to each party on the propounding side that is particular to that propounding party, wherever applicable.

D.  Limits on Requests for Production of Documents:

The Parties agree that there will be no limits to the number of Requests for Production.

### Definition Of Terms For Written Discovery

The Parties agree that in written discovery the following definitions shall be used:

1. "Document" or "Documents" shall mean documents or electronically stored information as defined by Federal Rule of Civil Procedure 34.

2. "Communication" shall mean any conversation, discussion, letter, memorandum, note, email, voice message, or other transfer of information, whether written, oral, electronic, or by other means.

3. "Complaint" shall refer to Stanford's First Amended Complaint for Patent Infringement in Civil Case No. 00-10584TJH (RCx) filed on April 30, 2003 in the United States District Court for the Central District of California.

4. "Patent-in-Suit" shall mean United States Patent No. 4,859,016 ("the '016 patent").

5. "Relating to" a given subject matter shall be construed to mean embodying, comprising, referring to, constituting, containing, describing, reflecting, supporting, discussing, summarizing, or pertaining to the stated subject matter.

6. "Each" shall mean each and every, without limitation.

### Preservation Of Evidence At Trial

Plaintiffs, Tyco, JDSU, Lucent, Agere and Ciena agree that documents should be produced in electronic form, although JDSU, Tyco expressly reserve the right to produce documents for inspection as well. Each of these seven parties agrees that each party should bear the costs of its own electronic production. To date, these Parties have produced documents electronically on CDs, DVDs, and hard drives. These Parties have agreed to use .lfp and Opticon load files (.opt) when producing documents electronically, which will facilitate the creation of the indices described in the Court's order.

Ericsson and Pirelli depart from the other parties in that they will not agree to produce their documents in electronic form unless the Plaintiffs pay for the cost. Pirelli and Ericsson have made their documents available for inspection and copying pursuant to Fed. R. Civ. P. 34(a). Ericsson and Pirelli agree to produce documents identified by Plaintiffs during their inspection in electronic form if the Plaintiffs pay the cost of electronic conversion.

The Parties are still exploring the possibility of using an electronic document repository system for all document production and will report back to the Court once a decision is made.

Respectfully submitted,

| | |
|---|---|
| DATED: November 21, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | By *Diane C. Hutnyan /GLW*<br>Diane C. Hutnyan<br>Attorneys for Litton Systems, Inc. |
| DATED: November 21, 2007 | WAGNER, ANDERSON & BRIGHT LLP |
| | By *Patrick Bright /GLW*<br>Patrick Bright<br>Attorneys for Stanford University |
| DATED: November 21, 2007 | WEIL, GOTSHAL & MANGES LLP |
| | By _____<br>Daniel J. Melman<br>Attorneys for Pirelli |
| DATED: November 21, 2007 | KIRKLAND & ELLIS, LLP |
| | By _____<br>Jordan Malz<br>Attorneys for Lucent Technologies |
| DATED: November 21, 2007 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| | By _____<br>Steven D. Chin<br>Attorneys for JDS Uniphase Corporation |
| DATED: November 21, 2007 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| | By _____<br>Robert F. McCauley<br>Attorneys for Ciena Corporation |

1  The Parties are still exploring the possibility of using an electronic
2  document repository system for all document production and will report back to the
3  Court once a decision is made.

Respectfully submitted,

DATED: November 21, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Diane C. Hutnyan
Attorneys for Litton Systems, Inc.

DATED: November 21, 2007

WAGNER, ANDERSON & BRIGHT LLP

By _____
Patrick Bright
Attorneys for Stanford University

DATED: November 21, 2007

WEIL, GOTSHAL & MANGES LLP

By _____
Daniel J. Melman
Attorneys for Pirelli

DATED: November 21, 2007

KIRKLAND & ELLIS, LLP

By _____
Jordan Malz
Attorneys for Lucent Technologies

DATED: November 21, 2007

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By _____
Steven D. Chin
Attorneys for JDS Uniphase Corporation

| | | |
|---|---|---|
| 1 | DATED: November 21, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 2 | | |
| 3 | | |
| 4 | | By_____<br>Diane C. Hutnyan<br>Attorneys for Litton Systems, Inc. |
| 5 | | |
| 6 | DATED: November 21, 2007 | WAGNER, ANDERSON & BRIGHT LLP |
| 7 | | |
| 8 | | By_____<br>Patrick Bright<br>Attorneys for Stanford University |
| 9 | | |
| 10 | DATED: November 21, 2007 | WEIL, GOTSHAL & MANGES LLP |
| 11 | | |
| 12 | | By_____<br>Daniel J. Melman<br>Attorneys for Pirelli |
| 13 | | |
| 14 | | |
| 15 | DATED: November 21, 2007 | KIRKLAND & ELLIS, LLP |
| 16 | | |
| 17 | | By_/s/ Jordan Malz_____<br>Jordan Malz<br>Attorneys for Lucent Technologies |
| 18 | | |
| 19 | DATED: November 21, 2007 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 20 | | |
| 21 | | |
| 22 | | By_____<br>Steven D. Chin<br>Attorneys for JDS Uniphase Corporation |
| 23 | | |
| 24 | DATED: November 21, 2007 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| 25 | | |
| 26 | | |
| 27 | | By_____<br>Robert F. McCauley<br>Attorneys for Ciena Corporation |
| 28 | | |

07209/2300993.1

| | | |
|---|---|---|
| DATED: November 21, 2007 | | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | | By_____<br>Diane C. Hutnyan<br>Attorneys for Litton Systems, Inc. |
| DATED: November 21, 2007 | | WAGNER, ANDERSON & BRIGHT LLP |
| | | By_____<br>Patrick Bright<br>Attorneys for Stanford University |
| DATED: November 21, 2007 | | WEIL, GOTSHAL & MANGES LLP |
| | | By_____<br>Daniel J. Melman<br>Attorneys for Pirelli |
| DATED: November 21, 2007 | | KIRKLAND & ELLIS, LLP |
| | | By_____<br>Jordan Malz<br>Attorneys for Lucent Technologies |
| DATED: November 21, 2007 | | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| | | By_____/s/ Steven D. Chin_____<br>Steven D. Chin<br>Attorneys for JDS Uniphase Corporation |
| DATED: November 21, 2007 | | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| | | By_____<br>Robert F. McCauley<br>Attorneys for Ciena Corporation |

| | | |
|---|---|---|
| 1 | DATED: November 21, 2007 | WEIL, GOTSHAL & MANGES LLP |
| 2 | | |
| 3 | | By_____ |
| 4 | | Daniel J. Melman<br>Attorneys for Pirelli |
| 5 | DATED: November 21, 2007 | KIRKLAND & ELLIS, LLP |
| 6 | | |
| 7 | | By_____ |
| 8 | | Jordan Malz<br>Attorneys for Lucent Technologies |
| 9 | | |
| 10 | DATED: November 21, 2007 | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 11 | | |
| 12 | | By_____ |
| 13 | | Steven D. Chin<br>Attorneys for JDS Uniphase Corporation |
| 14 | | |
| 15 | DATED: November 21, 2007 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| 16 | | |
| 17 | | By /s/ Patrick J. Coyne |
| 18 | | Patrick J. Coyne<br>Attorneys for Ciena Corporation |
| 19 | DATED: November 21, 2007 | THOMPSON & KNIGHT LLP |
| 20 | | |
| 21 | | By_____ |
| 22 | | Jane Politz Brandt<br>Attorneys for Agere Systems, Inc. |
| 23 | | |
| 24 | DATED: November 21, 2007 | FISH & RICHARDSON P.C. |
| 25 | | |
| 26 | | By_____ |
| 27 | | Todd G. Miller<br>Attorneys for Ericsson Defendants |
| 28 | | |

quinn emanuel

07209/2300993.1

-10-

DISCOVERY PLAN

| | |
|---|---|
| DATED: November 21, 2007 | THOMPSON & KNIGHT LLP<br><br>By *(signed)* Jane P. Brandt<br>———————————<br>Jane Politz Brandt<br>Attorneys for Agere Systems, Inc. |
| DATED: November 21, 2007 | FISH & RICHARDSON P.C.<br><br>By ———————————<br>Todd G. Miller<br>Attorneys for Ericsson Defendants |
| DATED: November 21, 2007 | MILBANK, TWEED, HADLEY & McCLOY LLP<br><br>By ———————————<br>Mark Scarsi<br>Attorneys for Tyco Defendants |

-11-

DISCOVERY PLAN

DATED: November 21, 2007        THOMPSON & KNIGHT LLP

By_____
Jane Politz Brandt
Attorneys for Agere Systems, Inc.

DATED: November 21, 2007        FISH & RICHARDSON P.C.

By *Todd G. Miller* /jmo
Todd G. Miller
Attorneys for Ericsson Defendants

DATED: November 21, 2007        MILBANK, TWEED, HADLEY & McCLOY LLP

By_____
Mark Scarsi
Attorneys for Tyco Defendants

-11-

| | | |
|---|---|---|
| 1 | DATED: November 21, 2007 | THOMPSON & KNIGHT LLP |
| 2 | | |
| 3 | | By_____ |
| 4 | | Jane Politz Brandt<br>Attorneys for Agere Systems, Inc. |
| 5 | DATED: November 21, 2007 | FISH & RICHARDSON P.C. |
| 6 | | |
| 7 | | By_____ |
| 8 | | Todd G. Miller<br>Attorneys for Ericsson Defendants |
| 9 | DATED: November 21, 2007 | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| 10 | | |
| 11 | | |
| 12 | | By_____<br>Mark Scarsi<br>Attorneys for Tyco Defendants |

-11-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 21, 2007, I caused to be served the foregoing document(s) described as **DISCOVERY PLAN** on all interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed to each such addressee respectively as follows:

**SEE ATTACHED SERVICE LIST**

__X__ **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2007, at Los Angeles, California.

*Andrea Hoeven*
Andrea Hoeven

20078/2287397.1

## SERVICE LIST

| | |
|---|---|
| Gregory S. Arovas, Esq.<br>John M. Desmarais, Esq.<br>Anne Hassett, Esq<br>Kirkland & Ellis<br>Citigroup Center<br>153 E 53rd St<br>New York, NY 10022-4611 | Steven S. Cherensky, Esq.<br>Weil Gotshal & Manges<br>Silicon Valley Office<br>201 Redwood Shores Pkwy<br>Suite 500<br>Redwood Shores, CA 94065-1175 |
| Edward J. Bennett, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005 | Shelley K. Wessels, Esq.<br>Fish & Richardson<br>500 Arguello St, Ste 500<br>Redwood City, CA 94063-1526 |
| Richard J. Botos, Esq.<br>Agere Systems Inc<br>Four Connell Dr<br>Berkeley Heights, NJ 07922 | Michael H. Diamond, Esq.<br>Milbank Tweed Hadley & McCloy<br>601 S Figueroa St, 30th Fl<br>Los Angeles, CA 90017-5735 |
| John E. Gartman, Esq.<br>Fish & Richardson<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Steven W. Green, Esq.<br>Daniel J. Melman, Esq.<br>Garland T. Stephens, Esq.<br>Weil Gotshal & Manges<br>767 5th Ave<br>New York, NY 10153 |
| Michael M. Murray, Esq.<br>Milbank Tweed Hadley & McCloy<br>1 Chase Manhattan Plaza<br>New York, NY 10005-1413 | Kimberly D. Perrotta, Esq.<br>Williams & Connolly LLP<br>725 Twelfth St., NW<br>Washington, DC 20005 |

quinn emanuel

20078/2287397.1

-2-

| | |
|---|---|
| Brian T. Racilla. Esq.<br>Fish and Richardson<br>1425 K Street NW 11th Floor<br>Washington, DC 20005 | Ekwan E. Rhow, Esq.<br>Bird Marella Boxer Wolpert Nessim<br>Drooks and Lincenberg<br>1875 Century Park E, 23rd Floor<br>Los Angeles, CA 90067-2561 |

quinn emanuel

20078/2287397.1

-3-